E-FILED on ___6/8/08___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIASAN JOSE DIVISION

| | |
|---|---|
| RICHARD GALVAN,<br><br>Petitioner,<br><br>v.<br><br>JAMES YATES, Warden,<br>Pleasant Valley State Prison,<br><br>Respondent. | No. C-06-4143 RMW<br><br>ORDER TO SHOW CAUSE<br><br>**[Re Docket No. 1]** |

Richard Galvan petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court will require respondent to show cause why a writ of habeas corpus should not be granted.

## I. BACKGROUND

On October 13, 2000, 14-year-old Lucy Doe went to a party with her older sister, Maria. At the party, Lucy met Jose Mancera, Hijinio Haro and 15-year old petitioner Richard Galvan, among 15 or 20 people who were there. From approximately 9:30 p.m. through 11:30 p.m., Lucy smoked marijuana. Petitioner tried "to come on to" Lucy twice, but she rejected him and pushed him away. Near midnight, Lucy felt "high" from the marijuana and began drinking alcohol. She could recall she had two shots of Jack Daniels and a swig of beer at the party.

ORDER TO SHOW CAUSE—No. C-06-4143 RMW
CYY

1   At about 1:30 a.m. on October 14, 2000, Brian Wilde heard moaning from the area of some
2 bushes in a park when he was waiting for his girlfriend.  Wilde described the moaning as loud,
3 unpleasant and "sexual", as if it was from a woman in pain.  As he approached the bushes, a group of
4 Hispanic males got up and ran away.  He discovered Lucy lying on the ground with no clothing on.
5 Wilde's girlfriend, Christina Benson, approached and tried to ask Lucy questions and tap her face,
6 but Lucy responded with more moans, trying to open her eyes and sit up.

7   Petitioner testified that early in the evening, Lucy, Mancera, petitioner and some others left
8 the party and went to the park across the street.  When Mancera walked Lucy into the bushes, Lucy
9 showed no hesitation.  In the bushes, Lucy was moaning, but she did not appear to be in distress.
10 Some time later Mancera came out and told petitioner to "go for it."  When petitioner went into the
11 bushes, Lucy was sitting up, with her pants around her ankles.  Petitioner talked to Lucy, making
12 comments, and kissed her.  He believed Lucy consented to have sex with him because she kissed
13 him back and lay down.  Even when he touched her breast and her pelvic area, Lucy did not show
14 any negative response.  However, when they began to have sex, petitioner's penis came out because
15 he was not erect.  Petitioner testified that he "tapped" Lucy because he was embarrassed by his lack
16 of an erection when the others were around.

17   Lucy testified that she remembered nothing that happened after she drank the alcohol, or the
18 events in the bushes.  She claimed that she did not intend to have sex, or oral or digital penetration
19 with either Mancera or petitioner.  Further, she did not recall agreeing to go to the park, going to the
20 park, or speaking with Mancera or petitioner.  She did not know whether or not she agreed to have
21 sex with Mancera or petitioner.  Also, she could not recall whether she spoke to petitioner about sex,
22 or whether she consented to any sexual conduct.

23   Witness Haro testified Lucy drank most of a bottle of Jack Daniels at the party, and drank
24 more in the park.  Haro testified that he heard Mancera tell the group that Lucy wanted to have sex
25 with them, and that he saw Lucy have sex with Mancera and petitioner.  Haro's trial testimony
26 differed from the statement he gave to the police in important respects.  Haro gave a statement to the
27 police that he saw petitioner tell Lucy to "shut up" and slap her face even though Lucy appeared to
28 be "knocked out" during sex, and also saw Mancera put his penis in Lucy's mouth briefly.  However,

his trial testimony was that Lucy consented to sex and was not so drunk, and he did not see petitioner hit or slap Lucy.

By motion, petitioner sought to introduce evidence of Lucy's recent sexual conduct. Specifically, there was evidence that Lucy had consensual sexual relationships while drinking, in the same park location, with Haro and Mancera the week before the charged incident. The district attorney argued that under Evidence Code section 1103, the sex with Haro was not relevant, and the sex with Mancera was not relevant to petitioner's case because it was not sex with petitioner. The prosecution also asked the court to exclude evidence that Lucy possessed several condoms and gave her sister condoms on the night of the incident. Defense counsel argued that the evidence of Lucy's recent sexual conduct was relevant to demonstrate the element of consent with Mancera, which, according to defense counsel, would have been critically relevant to Lucy's consent to have sex with petitioner. In addition, to the extent Lucy denied at trial that she intended to have sex with Mancera or the others, defense counsel asserted that the evidence would serve to attack Lucy's credibility. Nonetheless, the trial court granted the prosecution's motion to exclude the evidence on the grounds that "the probative value is outweighed by the prejudicial effect" and the evidence was "incidental, collateral" and "irrelevant." The defense counsel also challenged the trial court's exclusion of Haro's sexual conduct with Lucy a week before the charged offense on the ground that the Sixth and Fourteenth Amendments guarantee the accused's right to conduct cross-examination at trial.

Petitioner was charged with two counts of forcible rape in concert, forcible sexual penetration in concert, forcible oral copulation in concert, rape by an intoxicating substance, sexual penetration by an intoxicating substance, with two special enhancement allegations. The jury found petitioner guilty on all counts except for one rape count and the charge of forcible sexual penetration in concert (but the jury found petitioner guilty of the lesser offense of assault with intent to commit forcible sexual penetration). On October 22, 2003, after denying petitioner's motion for a new trial, the court sentenced petitioner to a total of 16 years in prison. On April 13, 2005, the California Court of Appeal, Sixth District affirmed petitioner's convictions and the exclusion of the evidence in an unpublished opinion on April 13, 2005. The California Supreme Court denied petitioner's

ORDER TO SHOW CAUSE—No. C-06-4143 RMW
CYY                                                                 3

petition for review on July 13, 2005. Petitioner then filed a petition for writ of habeas corpus in this court on July 3, 2006.

## II.  ANALYSIS

### A.  Standard of Review

This court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.  Petitioner's Claims

Petitioner asserts two grounds for federal habeas relief. First, he claims that the trial court's exclusion of the evidence of Lucy's alleged recent sex Mancera and Haro at the same location, and Lucy's possession and distribution of condoms on the night of the events was prejudicial and deprived petitioner of his due process rights. Specifically, under Evidence Code section 1103(c), although evidence of Lucy's sexual conduct with others is not admissible to prove her consent, petitioner contends that this section does not bar evidence of sexual conduct of the victim to attack her credibility. Further, petitioner contends that because whether Lucy's sexual acts with Mancera were consensual is relevant to the crimes of which petitioner was convicted, evidence of prior sexual acts with Mancera was admissible under section 1103. Petitioner also claims he was entitled to introduce evidence that Lucy possessed and distributed condoms on the night of the incident, because it could logically support the inference that the sex acts with petitioner were not against her will.

Second, petitioner claims that the deprivation of petitioner's right to cross-examine Haro was a Constitutional error because the Sixth and Fourteenth Amendments guarantee the right of an accused to confront witnesses against him. Petitioner contends that had defense counsel been permitted to conduct a cross-examination of Haro, a reasonable jury might have received a different

ORDER TO SHOW CAUSE—No. C-06-4143 RMW
CYY                                        4

impression of Haro's credibility.  The court will require respondent to show cause why the petition for a writ of habeas corpus should not be granted on either of these two grounds.

### III.  ORDER

Respondent is ordered to show cause why petitioner's petition for a writ of habeas corpus, filed on July 3, 2006, should not be granted.

1.  The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California.

2.  Respondent shall file with the court, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse within thirty days of the filing of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within sixty days of the issuance of this order.  If respondent files such a motion, petitioner shall file with the court an opposition or a statement of non-opposition within thirty days of the filing of the motion, and respondent shall file with the court a reply within fifteen days of the filing of any opposition.

DATED:        6/6/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER TO SHOW CAUSE—No. C-06-4143 RMW
CYY                                                5

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**

Dennis P. Riordan            dennis@riordan-horgan.com

**Counsel for Respondent:**
No appearance

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    6/8/08                              /s/ MAG
                                          **Chambers of Judge Whyte**