**E-FILED on**    4/23/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD GALVAN,<br><br>      Petitioner,<br><br>      v.<br><br>JAMES YATES, Warden, Pleasant Valley State Prison, California,<br><br>      Respondent. | No. C-06-04143 RMW<br><br>ORDER DENYING LEAVE TO FILE SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS<br><br>**[Re Docket No. 16]** |

Petitioner moved for permission to file a supplemental petition for writ of habeas corpus. Because petitioner seeks to supplement his petition in order to add an additional, untimely claim which does not relate back to either of his two original claims, the request is denied.

A district court may deny a motion to amend where the amendment is futile. *Bonin v. Calderon*, 59 F.3d 815, 844-45 (9th Cir. 1995). In a petition for writ of habeas corpus filed on July 3, 2006, and disposed of by this court in a concurrent order, respondent raised two claims concerning the exclusion of evidence. Petitioner now seeks to allege a Sixth Amendment violation based upon the judge's imposition of an upper term sentence based on facts not expressly found by the jury.

United States District Court
For the Northern District of California

1  Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes a one-year statute of limitations on the filing of federal habeas petitions. The year commences on the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such state action; (C) the date on which a constitutional right is newly recognized or made retroactively applicable; or (D) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). In this case, the period commences on the date in which judgment became final by the conclusion of direct review or the expiration of time for seeking such review. The California Supreme Court denied the review petition on July 13, 2005, and petitioner's case therefore became final on October 11, 2005, 90 days later. Petitioner had until October 11, 2006 to file a federal habeas petition. Petitioner filed a timely petition on July 3, 2006. However, that petition did not include a Sixth Amendment claim.

The basis for petitioner's new claim is the California Supreme Court's decision in *In re Gomez*, 45 Cal.4th 650 (2009), which held that the rule from *Cunningham v. California*, 549 U.S. 270 (2007) applies on collateral review to California cases in which the judgment became final before *Cunningham* was decided, but after *Blakely v. Washington*, 542 U.S. 296 (2004) was decided. Petitioner argues that prior to the *Gomez* decision, state court precedent had not recognized that a state prisoner could challenge a sentence imposed under California sentencing law when the case had become final after *Blakely* but before *Cunningham*. However, a court decision is not a factual predicate altering the statute of limitations under § 2244(d)(1), nor did the issuance of *Gomez* represent the removal of a state created impediment under § 2244(d)(1)(B). *See Shannon v. Newland*, 410 F.3d 1083, 1087-89 (9th Cir. 2005). The *Gomez* decision clearly does not qualify as a newly recognized constitutional right by the United States Supreme Court. 28 U.S.C. § 2244(d)(1). Indeed, the right to have the jury determine a factual issue was recognized by *Blakely*, 542 U.S. at 301.

ORDER DENYING LEAVE TO FILE SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS—No. C-06-04143 RMW MEC
2

Therefore, the new claim is not timely unless it relates back to one of the claims in the original, timely petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Rule 15(c)(2) provides that amendment of a pleading relates back when "the claims or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The Supreme Court has held that an amended petition relates back to the original petition where the claims "are tied to a common core of operative facts." 545 U.S. at 664. In contest, the amended petition does not relate back when it asserts a ground for relief supported by facts that differ in "time and type" from those originally set forth. *Id.* at 667. Petitioner's new claim is that the trial judge imposed an upper term based on an aggravating fact not found by the jury, a *Blakely* error. This claim does not relate in time or type to the claims made in the original petition regarding the exclusion of evidence. The new claim is barred by the statue of limitations, and petitioner's motion for leave to file a supplemental petition is therefore denied because supplementation would be futile.

DATED:     April 23, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge